UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND
CIVIL ACTION NO.: 05-204-DLB

BOB AKERS, et al.,                                                                PLAINTIFFS,

v.

E.I. DUPONT DE NEMOURS AND CO.,                                    DEFENDANT

**REPORT AND RECOMMENDATION**

I have previously recommended the dismissal of the claims of twenty-three plaintiffs in this litigation. I write now to recommend the *sua sponte* dismissal of a twenty-fourth, namely, Rosemary Adkins, for failure to prosecute and failure to comply with the prior orders of this court.

Ms. Adkins originally filed duplicate claims in two separate cases against DuPont, Civil Action No. 05-185, and Civil Action No. 05-204. She was originally represented by James Osborne in Civil Action No. 05-185, and by the Wilhoit Law Firm in Civil Action No. 05-204. The district court dismissed the claims of Ms. Adkins in Civil Action No. 05-185 on June 15, 2005 as duplicative. On June 27, 2006, the court ordered certain plaintiffs in both Civil Action No. 05-185 and in Civil Action No. 05-204 - but *not* Ms. Adkins in her personal capacity - to respond to outstanding discovery requests and to show cause why their claims should not be dismissed.[1]

---

[1] In Civil Action No. 05-185, the court's order directed Ms. Adkins to show cause and to respond to the outstanding discovery requests on behalf of two minor wards named as plaintiffs; Ms. Adkins was not directed to do anything in her own capacity since her claims had already been dismissed in Civil Action No. 05-185. Ms. Adkins, in her representative capacity on behalf of her minor wards, failed to comply with the court's order. Therefore, I recommended the dismissal of the

1

On July 12, 2006, counsel for Ms. Adkins in Civil Action No. 05-185 (Mr. Osborne) inexplicably provided a response to the court's order not only for those plaintiffs identified by the court, but also for Ms. Adkins in her personal capacity, notwithstanding that her claims had been previously dismissed. In counsel's response, he states that despite "numerous" telephone calls and letters, he had only recently discovered that Ms. Adkins was staying with her sister in Wheelersburg, Ohio during her recovery from breast cancer treatment.

On the same date, July 12, counsel for Ms. Adkins in Civil Action No. 05-204 (the Wilhoit Law Firm and Louise Roselle) also provided a response to the court's "show cause" order for Ms. Adkins. In a Memorandum Order dated July 24 and docketed in Lead Civil Action No. 04-229 as well as 05-204, the court wrote :

> Although the court's [June 27] order did not direct Ms. Adkins to do anything ..., plaintiffs' counsel represents that Ms. Adkins spoke to counsel's paralegal on July 11, 2006 and "stated that she was being represented by Attorney Osborne and did not want Wilhoit Law Office to file any type of response on her behalf." Ms. Adkins was represented by James Osborne in Case No. 05-185-DLB, but her claims were dismissed as duplicative in that litigation on June 15, 2006. Presently the record reflects that Ms. Adkins is represented by William Wilhoit and Louise Roselle in Case No. 05-204-DLB. As counsel's explanation reflects confusion concerning the representation of Ms. Adkins, this order will direct that the record be clarified.

The court thereafter ordered:

> Should any counsel wish to withdraw from representation of Ms. Rosemary Adkins in Case No. 05-204-DLB, he or she should file a motion to withdraw in compliance with the requirements of LR 83.6. In light of the representations of the Wilhoit Law Firm, which together with Ms. Roselle represents plaintiff Adkins in this litigation, the Clerk shall serve a courtesy copy of this Memorandum Order on Attorney James Osborne.

---

claims of the two minor wards on October 19, 2006.

DE #24, Civil Action No. 05-204.

Subsequently, the Wilhoit Law Firm and co-counsel moved to withdraw from the representation of Ms. Adkins in Civil Action No. 05-204 on the basis that Ms. Adkins did not wish for continued representation by them, but instead by Mr. Osborne. However, Mr. Osborne represented to the court that he too had been given every indication by Ms. Adkins that she did not want him to enter an appearance in Civil Action No. 05-204.

Over the past several months, this court has issued several additional orders in an attempt to clarify the ongoing representation of Ms. Adkins, either by counsel of record (the Wilhoit Firm and Louise Roselle) or by Mr. Osborne, her former attorney in Civil Action No. 05-185. Most recently, the court's order of October 12, 2006 related the history of proceedings involving Ms. Adkins, beginning with quotations from the court's August 11, 2006 and September 1, 2006 orders:

> On August 8, 2006, plaintiffs' counsel William Wilhoit "together with co-counsel Joseph Bansci and Stanley M. Chesley, Louise Roselle and Troy Skeens" filed a motion to withdraw as attorneys of record for Rosemary Adkins. As grounds, counsel states that "Rosemary Adkins is represented by other counsel" and that a copy of the motion has been served on Ms. Adkins. ... The court will grant counsel's motion, but only if Ms. Adkins is in fact represented by other counsel in this litigation.
>
> ....
> 3. Plaintiffs' counsel's motion to withdraw as counsel for plaintiff Rosemary Adkins [DE #36] is **stayed** until such time as new counsel enters his or her appearance. As the record suggests that Attorney James Osborne previously represented plaintiff in related Ashland Civil Action No. 05-185 until such time as her claims were dismissed, the Clerk of Court shall serve a courtesy copy of this order on Mr. Osborne;
>
> 4. As plaintiffs' current counsel remains of record at this time, counsel shall immediately serve a copy of this order upon plaintiff Rosemary Adkins. Any new counsel for Ms. Adkins shall enter his or her appearance **on or before August 30, 2006**. Upon the entry of appearance of new counsel or the expiration of time for

doing so, the record shall be resubmitted to the undersigned magistrate judge for ruling on the pending motion to withdraw.

DE #42, Civil Action No. 05-204.

In light of Mr. Osborne's failure to appear at the August 30, 2006 hearing, it remains unclear whether Ms. Adkins will be represented by Mr. Osborne in Civil Action No. 05-204.

Given Mr. Osborne's inexplicable and repeated failures to participate in conferences concerning this litigation, he will be directed to show cause in writing for his failure to appear and to verify whether or not he intends to appear on behalf of Rosemary Adkins in Civil Action No. 05-204.

DE #96 in Lead Civil Action No. 04-229, Memorandum Order of September 1, 2006.

The court directed Mr.Osborne to "**show cause in writing** within ten (10) days of the date of this [September 1, 2006] order for his failure to appear before this court on three occasions. Within the same time period, Mr. Osborne shall either enter his appearance on behalf of Rosemary Adkins in Civil Action No. 05-204 or shall file a notice explaining the current status of his representation of Ms. Adkins."

...
... Mr. Osborne's [September 11, 2006] response explains the status of his representation of plaintiff Rosemary Adkins. Mr. Osborne relates that Ms. Adkins has failed to return his telephone calls and "has actively attempted to avoid him for the past two months." In light of this circumstance, it is clear that Ms. Adkins and Mr. Osborne have no agreement concerning her representation by Mr. Osborne in Civil Action No. 05-204. As indicated, Mr. Osborne is not and never has been listed as counsel of record for Ms. Adkins in Civil Action No. 05-204, notwithstanding Ms. Adkin's prior representation to the Wilhoit Law Office that she intended to be represented by Mr. Adkins and not by the Wilhoit firm. Mr. Osborne makes clear that he would prefer not to undertake representation of Ms. Adkins at this time and this court will not force such an attorney-client relationship where none has been willingly undertaken.

DE #105 in Lead Civil Case No. 04-229. The court's October 12, 2006 order concluded:

As current counsel has moved to withdraw from representing Ms. Adkins in Civil Action No. 05-204, and as her statements concerning her representation by Mr. Osborne are either mistaken or seriously misleading, **IT IS ORDERED:**

4

>        1. The motion to withdraw in Civil Action No. 05-204 [DE #36] shall continued to be **stayed** for an additional thirty days.  The Wilhoit Law Office shall serve a copy of this order on Ms. Adkins at her last known address and in addition shall attempt to contact her to discuss the issue of representation;
>
>        2. Ms. Adkins shall **not later than October 27, 2006** notify both this court **in writing** and the Wilhoit Law Office of whether she intends to accept the representation of current counsel or whether she intends to proceed *pro se* without benefit of counsel;
>
>        3. The Wilhoit Law Office shall file a supplemental status report **not later than October 30, 2006** to inform this court whether it intends to continue its current representation of Ms. Adkins in Civil Action No. 05-204 or whether Ms. Adkins chooses to proceed *pro se*.  If the Wilhoit Law Office is unable to contact Ms. Adkins, the supplemental report shall detail all attempts made to contact their client as well as information concerning her last known address and telephone number;
>
>        4. A courtesy copy of this order shall be served by the Clerk on Attorney James D. Osborne (either electronically or through the U.S. Mail) but the court will not force Mr. Osborne to represent Ms. Adkins and he need not further respond concerning the issue of her representation in Civil Action No. 05-204.

*Id.*

The Wilhoit Law Firm complied with the court's October 12 order by filing a supplemental status report on October 30, 2006 which stated:

> The Wilhoit Law Office and its co-counsel, Waite, Schneider, Bayless & Chesley Co., L.P.A. and Joseph Bansci, do not intend to represent Ms. Adkins in Civil Action 05-204.  The Wilhoit Law Office and Joseph Bansci have talked to Ms. Adkins about this matter and Ms. Adkins has indicated that she does not want the Wilhoit Law Office or its co-counsel, Waite, Schneider, Bayless & Chesley Co., L.P.A. and/or Joseph Bansci to represent her.
>
>        The Wilhoit Law Office sent Ms. Adkins a copy of the Order of October 12, 2006 at the address where Ms. Adkins confirmed that she was living.

Unfortunately, plaintiffs' supplemental status report fails to provide this court with the address and/or telephone number of Ms. Adkins at her last known address.

Nevertheless, it is obvious that plaintiff Rosemary Adkins has made no attempt to comply with the October 12, 2006 order of this court. The court can only assume based upon her prior representations and actions that she intends not to further prosecute her claims. Dismissal for lack of prosecution is appropriate when any litigant, including one proceeding *pro se*, fails to comply with a straightforward procedural requirement that any lay person should be expected to readily comprehend. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**ACCORDINGLY, IT IS RECOMMENDED THAT** the claims of Rosemary Adkins in Civil Case No. 05-204 be **dismissed with prejudice** for failure to prosecute and failure to comply with this court's October 12, 2006 order. Because the court lacks a current address for Ms. Adkins, the Wilhoit Law Firm and co-counsel in Civil Action No. 05-204-DLB shall be responsible for serving Ms. Adkins with a copy of this Report and Recommendation and for notifying this court within ten (10) days of the last known address of Ms. Adkins.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 1st day of December, 2006.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge